IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:23-CV-00026-M

**Anthony Leon Sawyer**,

    Plaintiff,

v.

**Elizabeth City Pasquotank Public School System,**

    Defendant.

**Order**

    Defendant Elizabeth City Pasquotank Public School System has asked the court to stay discovery-related matters until the court resolves its pending motions to dismiss. D.E. 50. The motion to stay contends that the resolution of the motion to dismiss could conclude the action entirely. So some of the time and expense attendant to discovery may be unnecessary. Plaintiff does not consent to the motion to stay (D.E. 50 ¶ 5) but he has filed no submission in opposition.

    "A motion to stay discovery is tantamount to a request for a protective order prohibiting or limiting discovery pursuant to Rule 26(c)." *Kron Med. Corp.* v. *Groth*, 119 F.R.D. 636, 637 (M.D.N.C. 1988). Rule 26(c) of the Federal Rules of Civil Procedure gives the court, among other things, the authority to issue a protective order staying discovery while it resolves a motion to dismiss. *Tilley* v. *United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003); Fed. R. Civ. P. 26(c)(1)(B) & (D). As with all protective orders, the moving party must show good cause for the court to issue the order. Fed. R. Civ. P. 26(c)(1).

    With no guidance from the Fourth Circuit, district courts have looked at several factors when considering whether to grant a motion to stay discovery. Among them are whether the motion, if granted, would dispose of the entire case, *Simpson* v. *Specialty Retail Concepts, Inc.*,

121 F.R.D. 261, 263 (M.D.N.C. 1988), the strength of the motion's arguments, *Tilley*, 270 F. Supp. 2d at 734–35; and whether discovery is necessary for the non-moving party to respond to the motion, *id.* at 734. But, at bottom, the court must "balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Simpson*, 121 F.R.D. at 263.

Here, balancing these factors supports granting the motion to stay. Until the court disposes of the pending motion to dismiss, it is uncertain what discovery may be required. The resolution of the pending motion may eliminate the need for discovery. Defendant has offered plausible arguments in support of the motion to dismiss. Plaintiff has submitted a letter to the court but offered no formal grounds to contest the motion. On the other side of the ledger are the costs of discovery, which could be substantial.

It is an open question whether the court will grant the motion to dismiss. If the motion is granted, even in part, some or all the time and resources devoted to discovery may be for naught. Given the nature of the action, delaying discovery will not prejudice either side's ability to pursue its claims or defenses should the court deny the motion to dismiss.

After balancing the relevant factors, the court finds that the Defendant has shown good cause to stay discovery. So the court grants the motion to stay (D.E. 50) and orders that, unless they agree otherwise, the parties may not conduct discovery until the court resolves the pending motion to dismiss. If court the denies the motions to dismiss, in whole or in part, the parties must confer and submit a Rule 26(f) report within 14 days from the entry of the order on the motion.

Dated: November 15, 2023

_____
Robert T. Numbers, II
United States Magistrate Judge