IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
Case No. 2:23-cv-00026-M

| | | |
|---|---|---|
| ANTHONY LEON SAWYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ELIZABETH CITY PASQUOTANK | ) | |
| PUBLIC SCHOOL SYSTEM, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the court on the Defendant's motion to dismiss the operative Amended Complaint [DE 44]. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert T. Numbers, II entered a memorandum and recommendation ("M&R"), recommending that the court grant Defendant's motion and dismiss the matter without prejudice. DE 54. Judge Numbers also advised that any objections to his recommendation must be filed within fourteen days after the recommendation was served. To date, no objections have been filed.[1]

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the ... recommendation[ ] ... receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection

---

[1] Judge Numbers issued the M&R on December 6, 2023. Objections were due to be filed on or before December 23, 2023, pursuant to Rule 6(d). *See* DE 54. The Defendant's motion and the M&R were submitted to this court for disposition on December 28, 2023.

is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Here, Judge Numbers recommends dismissal on alternative grounds: first, he found Plaintiff did not properly serve the Defendant, and second, Judge Numbers determined that Plaintiff failed to state a plausible claim for relief against Defendant because (a) the named Defendant is not the proper party, (b) a claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) may be made only against an entity of the ***federal*** government, (c) even if the First Amendment claim is brought properly pursuant to 28 U.S.C. § 1983, Plaintiff fails to allege an unlawful custom, policy or practice under *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978),[2] and (d) the statute on which Plaintiff bases his claim under the Fair Credit Reporting Act—15 U.S.C. § 1681m—does not provide a private right of action.[3]

Upon careful review of the M&R and the record presented, and finding no clear error, the court ADOPTS as its own the substantive findings and conclusions in the magistrate judge's recommendation.[4] For the reasons stated therein, Defendant's motion to dismiss [DE 44] is

---

[2] *See Greensboro Pro. Fire Fighters Ass'n, Loc. 3157 v. City of Greensboro*, 64 F.3d 962, 964–65 (4th Cir. 1995) (a plaintiff must demonstrate that First Amendment retaliation claim against municipality arose from an official policy, statement, ordinance, regulation, or decision pursuant to *Monell*).

[3] *See Bourdelais v. J.P. Morgan Chase*, No. 3:10-CV-670-HEH, 2011 WL 1306311, at *8 (E.D. Va. Apr. 1, 2011) ("This Court agrees with the overwhelming weight of authority holding that the phrase 'this section' in § 1681m(h)(8) refers to section 1681m in its entirety, and thus no private right of action to enforce section 1681m exists."); *see also Alston v. Citibank, N.A*, No. CIV.A. DKC 14-3199, 2015 WL 2227930, at *3 (D. Md. May 11, 2015) ("Despite Plaintiff's disagreement with the interpretation of Section 1681m by a majority of courts, violations of Section 1681m do not give rise to a private cause of action under Sections 1681n and 1681o.").

[4] Typically, a dismissal pursuant to Rule 12(b)(6) is with prejudice. *Carter v. Norfolk Cmty. Hosp. Ass'n, Inc.*, 761 F.2d 970, 974 (4th Cir. 1985). However, determining whether the dismissal is with or without prejudice is "within the district court's discretion." *Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 292 (4th Cir. 2018). Based on the Plaintiff's pro se status and his

2

GRANTED, and the matter is dismissed without prejudice. The Clerk of Court is directed to close this case.

SO ORDERED this \_\_\_2d\_\_\_ day of January, 2024.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

---

misunderstanding of the court's previous rulings (*see* DE 49), the court agrees that dismissal here should be without prejudice.